NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0238n.06

No. 23-3789

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| DONNA ROBERTS, | ) |
| Petitioner-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| TERI BALDAUF, Warden, | ) |
| Respondent-Appellee. | ) |

**FILED**
May 09, 2025
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

OPINION

Before: KETHLEDGE, THAPAR, and READLER, Circuit Judges.

PER CURIAM. Donna Roberts, a prisoner on death row in Ohio, appeals the district court's denial of her petition for a writ of habeas corpus under 28 U.S.C. § 2254. As the State concedes, however, our decision in a related appeal—*Jackson v. Cool*, 111 F.4th 689 (6th Cir. 2024), *cert. denied*, No. 24-695 (U.S. Mar. 3, 2025)—mandates that we reverse the district court's denial of the writ in this case.

Donna Roberts and Nathaniel Jackson conspired at length to murder Roberts's ex-husband, Robert Fingerhut. In December 2001, they carried out the plan, when Jackson shot Fingerhut to death. In separate trials, juries convicted Roberts and Jackson of murder and recommended a death sentence. *See Jackson*, 111 F.4th at 693. In each case the same trial judge adopted that recommendation and imposed a death sentence. *Id.* In each case the judge did so, however, after asking the prosecutor, ex parte, to write up for the judge the opinion sentencing the defendant to death. *See id.* at 693-94. As a result, in each case, Ohio appellate courts vacated each defendant's death sentence (Roberts and Jackson alike) and remanded with instructions that the trial court

"personally review and evaluate the evidence, weigh the aggravating circumstances against any relevant mitigating evidence, and determine anew the appropriateness of the death penalty[.]" *State v. Roberts*, 850 N.E.2d 1168, 1190 (Ohio 2006); *see also State v. Jackson*, 941 N.E.2d 1221, 1226 (Ohio Ct. App. 2010).

On remand in each case, after some lengthy delays, the same trial judge resentenced each defendant to death but refused to consider any mitigating evidence that the defendant had not submitted before. In each case, the Ohio Supreme Court deemed lawful the judge's refusal to consider that evidence. *State v. Roberts*, 998 N.E.2d 1100, 1108-09 (Ohio 2013); *State v. Jackson*, 73 N.E.3d 414, 430 (Ohio 2016). And in Jackson's case the Ohio Supreme Court affirmed his sentence. *Jackson*, 73 N.E.3d at 446. But in Roberts's case the court again remanded for resentencing, this time because the judge had not properly considered her allocution. *Roberts*, 998 N.E.2d at 1115. On remand, Roberts again proffered mitigating evidence, but the trial judge (a different one) refused to consider it and again sentenced her to death. The Ohio Supreme Court affirmed, and the district court denied her habeas petition. *State v. Roberts*, 78 N.E.3d 851, 862 (Ohio 2017); *Roberts v. Baldauf*, No. 4:21 CV 368, 2023 WL 5229816 (N.D. Ohio Aug. 15, 2023). We review the district court's denial de novo. *See Issa v. Bradshaw*, 904 F.3d 446, 453 (6th Cir. 2018).

Roberts argues that the Ohio Supreme Court unreasonably applied federal Supreme Court precedent when it refused to consider mitigating evidence that she proffered for the first time after her original sentencing hearing. Jackson recently made that same argument in his habeas appeal; and based on that argument we held he was entitled to relief. *Jackson*, 111 F.4th at 700. Specifically, as a matter of "clearly established" law from the Supreme Court, we held that three cases—*Lockett v. Ohio*, 438 U.S. 586 (1978); *Eddings v. Oklahoma*, 455 U.S. 104 (1982); and

*Skipper v. South Carolina*, 476 U.S. 1 (1986)—"require capital sentencing courts to consider any and all relevant mitigating evidence presented at the time of sentencing, with no exception for cases where prior sentencing proceedings had been held." *Jackson*, 111 F.4th at 700. In this appeal, the State disagrees with that holding but concedes that "the same question has already been decided against the Warden." Appellee Br. at 31 (citing *id.* at 689). The State thus concedes that our panel must reverse the district court's denial of the writ. We agree that *Jackson* binds us in this appeal.

The district court's denial of the writ is reversed, and the case is remanded for proceedings consistent with this opinion.